### City of Springfield v. Olive Purdey.

1. VARIANCE—*Immaterial Pleadings and Proofs.*—The declaration averred that divers planks of a sidewalk were broken, loose and unfastened, by means whereof the plaintiff stepped on a loose and unfastened plank, and stumbled and fell, etc. The proof was that the planks were loose and unfastened, and as the plaintiff and her husband were walking along, he stepped upon the end of a loose plank, just as she was about to step upon it, and was tripped and fell, etc. *Held,* the variance was unimportant and immaterial.

2. SAME—*Practice as to.*—The objection to evidence on the ground of a variance, must be made specifically in the trial court. It is too late to make it for the first time in a court of review.

3. INSTRUCTIONS—*Upon a Given Hypothesis.*—It is not error, in a proper case, to instruct a jury upon the hypothesis that a sidewalk was out of repair and in a dangerous condition, and that the city knew of the defect a sufficient length of time to have repaired it before the injury occurred, or by the exercise of reasonable care, might have known of it in time to have remedied it before the injury occurred and did not do so.

**Trespass, etc.,** for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed November 15, 1895.

City of Springfield v. Purdey.

E. S. Robinson, City Attorney, and Palmer, Shutt, Drennan & Lester, attorneys for appellant.

John C. Snigg, attorney for appellee.

Mr Justice Wall delivered the opinion of the Court.

This is an appeal by the city from a judgment for $650, for personal injury occasioned by a defective sidewalk.

It is urged, first, that there was a variance between the allegations and the proof.

The declaration averred that divers planks of the sidewalk were broken, loose and unfastened, by means whereof the plaintiff stepped on a loose and unfastened plank and stumbled and fell violently, etc.

The proof was that the planks were loose and unfastened and that as the plaintiff and her husband were walking along he stepped upon the end of a loose board just as she was about to step upon the board and thereby she was tripped and fell violently, etc.

The variance is unimportant and immaterial, but were it otherwise the objection should have been made specifically in the trial court. It is too late to make it for the first time in a court of review.

Second, it is urged that the first and second instructions given for plaintiff were erroneous, because, as we understand, they advised the jury that certain facts constituted negligence. The hypothesis was that the walk was out of repair and in a dangerous condition, and that the city knew of the defect a sufficient length of time to have repaired the walk before the injury occurred, or by the exercise of reasonable care, might have known of it in time to have remedied the defect before the injury occurred and did not do so. If this was all shown the city was liable if the person injured exercised due care and caution.

The evidence showed this walk had been out of repair for a long time, and as applied to the case under consideration, we see no objection to the instructions. The cases cited are

not analogous. In those it was held error to tell the jury that certain conduct, as for instance crossing a railroad track without looking or listening for the approach of trains, or that a certain mode of doing a particular thing, as the switching of cars, was or was not negligence. A certain act may be done in a careful or in a careless, negligent way, and what might be care or negligence in the particular case, depends upon all the circumstances, to be judged by the jury. If the city knew the walk was out of order a sufficient length of time to have repaired and did not, a *prima facie* case of failing to use reasonable care to keep the walk in order was presented, and so if it was out of order so long that in the exercise of reasonable care the city would have known it and did not repair.

The law predicates negligence and consequent liability upon such a state of facts. The rule laid down in the cases cited with reference to the mode of doing a certain act which may be negligent or not according to circumstances, is not applicable here.

The city asked and the court gave the following instruction:

" You are instructed by the court that in this case there can be no liability on the part of the defendant, unless there was neglect of duty on its part in respect to the repair of the street as charged in the declaration; and there can be no such neglect of duty unless the jury find from the evidence that the defendant actually knew of the defect in the street complained of, or with reasonable diligence could have known of it long enough before the accident occurred to have had it repaired," thus clearly recognizing in almost the terms of the plaintiff's instruction the same rule as to liability upon the facts stated.

It is not argued nor upon the proof could it be, plausibly, that the verdict is unsupported by the evidence.

The judgment will be affirmed.